Jose Z. Marin (SBN 291457)
Jose Marin Law
Gervy Jhon Tesoro (SBN 298501)
Tesoro Law
2537 Irving Street
San Francisco, California 94122
Telephone: (415) 753-3539
Jose@JoseMarinLaw.com

Attorneys for Plaintiff
MARY HUNTER GREEN

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

MARY HUNTER GREEN,

Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION,

SUNRUN INC., AND DOES 1 THROUGH 20,

Defendants.

**DEMAND FOR JURY TRIAL**

CASE NO. 5:21-cv-02387

COMPLAINT FOR:

1. **EMPLOYMENT DISCRIMINATION ON THE BASIS OF PHYSICAL DISABILITY, CAL. GOV. CODE § 12940(A), CAL. CODE REGS. TIT. 2 § 11064 *ET. SEQ.*;**
2. **EMPLOYMENT DISCRIMINATION ON THE BASIS OF SEX, CAL. GOV. CODE § 12940(A), CAL. CODE REGS. TIT. 2 §§ 11029 *ET. SEQ.;***
3. **EMPLOYMENT DISCRIMINATION ON THE BASIS OF AGE, CAL. GOV. CODE § 12940(A), CAL. CODE REGS. TIT. 2 §§ 11074 *ET. SEQ.;***
4. **EMPLOYMENT DISCRIMINATION ON THE BASIS OF OPPOSITION TO FORBIDDEN PRACTICES, CAL. GOV. CODE § 12940(H), (M)(2);**
5. **FAILURE TO TAKE ALL REASONABLE STEPS NECESSARY TO PREVENT DISCRIMINATION AND HARASSMENT FROM OCCURRING, CAL. GOV. CODE § 12940(K);**
6. **FAILURE TO ENGAGE IN A TIMELY, GOOD FAITH**

**INTERACTIVE PROCESS WITH EMPLOYEE TO DETERMINE AN EFFECTIVE REASONABLE ACCOMMODATION, CAL. GOV. CODE § 12940(N);**

7. **FAILURE TO MAKE REASONABLE ACCOMMODATION, CAL. GOV. CODE § 12940(M)(1);**
8. **CREATING A HOSTILE WORK ENVIRONMENT, CAL. GOV. CODE 12940(J) AND CAL. CODE REGS. TIT. 2 §11029 *ET. SEQ.*;**
9. **FAILURE TO PROVIDE TIMELY MEAL PERIODS, CAL. LAB. CODE §§ 226.7, 512;**
10. **FAILURE TO PAY STATE PREMIUM WAGES, CAL. LAB. CODE §§ 510, 1194;**
11. **FAILURE TO PAY MINIMUM AND REGULAR WAGES, CAL LAB. CODE §§ 204, 1194(a), 1194.2, 1197;**
12. **FAILURE TO PAY ALL DUE WAGES UPON TERMINATION, CAL. LAB. CODE §§ 201, 203, 218.6, AND CAL. BUS. & PROF. CODE §§ 17000 *ET SEQ.*;**
13. **FAILURE TO PROVIDE PERSONNEL RECORDS, CAL. LAB. CODE § 1198.5;**
14. **FAILURE TO PROVIDE ALL SIGNED INSTRUMENTS IN RELATION TO EMPLOYMENT, CAL. LAB. CODE § 432;**
15. **FAILURE TO INDEMNIFY, CAL. LAB. CODE § 2802;**
16. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**
17. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; AND**
18. **UNFAIR AND UNLAWFUL ACTS IN VIOLATION OF UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE §§ 17000 *ET SEQ.***

**DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1. Plaintiff Mary Hunter Green (hereinafter "Plaintiff" or "Ms. Green") brings this action against Defendants Costco Wholesale Corporation, Sunrun Corporation, and Does 1 – 20 (hereinafter "Defendants") for employment discrimination on the basis of physical disability; discrimination on the basis of sex; discrimination on the basis of age; discrimination on the basis of opposition to forbidden practices; failure to take all reasonable steps to prevent discrimination, and harassment; failure to engage in a timely good faith process to determine an effective reasonable accommodation; failure to make reasonable accommodations based on disability; creating a hostile work environment; failure to provide timely meal periods; failure to provide paid rest-breaks; failure to pay overtime wages; failure to pay minimum and regular wages; failure to provide personnel records; failure to provide all signed instruments in relation to employment; failure to indemnify employee; failure to pay all due wages upon termination; wrongful termination in violation of public policy; and intentional infliction of emotional distress.

2. The allegations made herein are based on Plaintiff's personal knowledge, except those allegations asserted on information and belief, which are based on a reasonable investigation under the circumstances.

3. As a result of these violations, Ms. Green seeks relief from this Court, as described herein, and all available remedies under the California Government Code, California Labor Code, California Regulations, and for injunctive relief as this Court deems necessary.

4. Defendants' conduct and acts are contrary to the public policy of the State of California and constitutes violation of California's Unfair Competition Law ("UCL"), Business and Professions Code section 17000 *et seq.*

5. Ms. Green has suffered injury in fact, and loss of property as a result of Defendants' egregious conduct.

6. Pursuant to UCL, Ms. Green seeks restitution, and injunctive relief requiring compliance with all applicable laws, and regulations in the future and preventing the unlawful and unfair business practices asserted herein.

7. Plaintiff brings this action as an aggrieved employee action under the California Labor Code.

8. Plaintiff also seek declaratory relief enumerating all wage and hour violations and other statutory violations so that Defendants and the general public will have clarity and guidance as to Defendants' future employment practices.

## JURISDICTION

9. This Court has diversity jurisdiction over the action pursuant to 28 United States Code section 1332.

10. The matter of controversy exceeds the sum or value of (seventy-five thousand dollars) $75,000, exclusive of interest and costs.

11. The controversy is between citizens of different states.

12. Plaintiff filed charges with the California Department of Fair Employment and Housing regarding Defendant's alleged discriminatory conduct during the relevant period herein.

13. Ms. Green exhausted all available administrative remedies.

14. On November 11, 2020, Ms. Green timely filed charges outlined in the instant complaint with the California Department of Fair Employment and Housing.

15. Subsequently, the California Department of Fair Employment and Housing issued a Notice Right to Sue letter. A true copy of the Notice Right to Sue letter is attached hereto as "Exhibit A."

**VENUE**

16. Venue is proper before this Court because a substantial part of the event or omissions herein alleged gave rise to the claim in this judicial district. 28 U.S.C. § 1391(b)(2).

17. Venue would also be proper before this Court because the Defendant is subject to the Court's person jurisdiction with respect to this action. 28 U.S.C. § 1391(b)(3).

**INTRADISTRICT ASSIGNMENT**

18. Assignment of this case and controversy to the San Jose Division is proper because a substantial part of the events or omissions giving rise to the claims occurred in Santa Clara County.

**THE PARTIES**

19. Defendant Costco Wholesale Corporation (hereinafter "Costco") is a multi-billion-dollar global retailer with warehouse club operations in eight countries.

20. Costco is a membership warehouse club, with hundreds of locations worldwide.

21. Defendant Costco provides merchandise, including, but not limited to solar panels, appliances, furniture, electronics, and other products.

22. Defendant Sunrun, Inc. (hereinafter "Sunrun") is a corporation formed in the state of Delaware.

23. Defendant Sunrun is an American provider of residential solar panels and home batteries, headquartered in San Francisco, California, and is the nation's leading home solar, battery storage, and energy services company.

24. There are more than $3 billion in installed solar systems across 22 states, Puerto Rico, and the District of Columbia.

25. Defendant Sunrun's mission is, "to create a planet run by the sun."

//
//

26. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants, inclusive, are unknown to Plaintiff at this time, and therefore said Defendants are sued by such fictitious names.

27. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff.

**STATEMENT OF FACTS CONSTITUTING THE CAUSES OF ACTION**

28. Plaintiff Mary Hunter Green is a 60-year-old woman and resident of Mountain View, California.

29. Defendant Sunrun hired Ms. Green as a retail sales associate on or about March 15, 2018.

30. Defendant Sunrun hired Ms. Green to work at the San Leandro Location.

31. Ms. Green was hired on a full-time basis.

32. Ms. Green's was a nonexempt employee paid at sixteen dollars ($16.00) per hour.

33. Ms. Green earned commissions based on her solar panel sales, in addition to an hourly wage.

34. Ms. Green was hired to perform such services at the San Leandro location.

35. Ms. Green's duties required, inter alia, standing inside Costco at a sales kiosk to interact with, and inform Costco customers regarding solar panels for the purpose of making sales for Defendant Sunrun.

36. Ms. Green's duties required her to be available at a Sunrun sales kiosk to promote Sunrun solar panels.

37. Ms. Green's duties did not necessitate standing at all times to make sales of solar panels.

38. During the relevant period, Ms. Green was able to perform the essential functions of a sales associate.

39. Ms. Green physical disability prevented her from standing for long periods of time.

40. Ms. Green physical disability was chronic and debilitating.

41. Ms. Green requested to have a stool to sit on while working to ease her back pain.

42. Ms. Green's request to have a stool was denied by Defendants.

43. Defendants' denied Ms. Green's request allegedly due to the location of the kiosk within the Costco store.

44. Ms. Green requested a different location within the store, allowing use of a stool.

45. Ms. Green's request to have the Sunrun kiosk moved to different location within the Costco store allowing the use of a stool was denied.

46. Subsequently, Ms. Green requested a remote sales position.

47. Ms. Green's request to have a remote sales position was denied.

48. Ms. Green complained to Defendants after denial of request for a stool.

49. Defendants threatened Ms. Green that if Ms. Green requested a stool or accommodation again, Ms. Green would be fired.

50. Defendant Sunrun told Ms. Green that she could not get special treatment because of her age or because of her disability.

51. Defendant Sunrun told Ms. Green that her job would be harder if she kept asking for a stool.

52. Defendant Sunrun told Ms. Green at her age, no one would hire her and "fuck you," or words to that effect.

53. Defendant Sunrun told Ms. Green that a younger person could sell more and be a better employee.

54. Defendant then transferred Ms. Green, a woman over the age of 40, from the San Leandro location, to an inferior employment location.

55. The younger male employee received more favorable employment terms by receiving the San Leandro worksite over Ms. Green, a person over the age of forty (40).

56. Defendants' younger male associate received more favorable employment terms by receiving the San Leandro worksite over Ms. Green, a woman.

57. As a result of Defendants' transferring Ms. Green out of the San Leandro location, Ms. Green lost sales leads and current customers.

58. As a result of the adverse employment action, Ms. Green lost on her commissions.

59. Ms. Green was fired on December 13, 2019.

60. As a result of the adverse employment action and Defendant's egregious conduct, Ms. Green suffered emotional distress.

61. Ms. Green was not provided with one and a half (1.5) times the regular rate of pay for hours worked in excel of 8 per day or 40 per week.

62. Ms. Green was not provided a 30-minute unpaid meal period for every five hours worked.

63. Defendants did not compensate Ms. Green for any interrupted or missed meal periods.

64. Defendants did not reimburse Ms. Green for expenses made in the course of her employment.

65. Defendant did not provide or make a copy of Ms. Green's employment file reasonable available upon request.

66. Defendant did not provide or make a copy all signed documents relating to employment available upon request.

**FIRST CAUSE OF ACTION**

EMPLOYMENT DISCRIMINATION ON THE BASIS OF PHYSICAL DISABILITY

AGAINST EACH AND ALL DEFENDANTS

(Cal. Gov. Code § 12940(a) and Cal. Code Regs. tit. 2 § 11064 *et. seq.*)

67. Plaintiff realleges all paragraphs set forth above and incorporates them by reference herein.

68. It is an unlawful employment practice for an employer, because of the physical disability to

discharge a person from employment or to discriminate against the person in compensation, or in terms, conditions, or privileges of employment. Cal. Gov. Code § 12940(a).

69. The great state of California has declared a necessity to protect and safeguard the right and opportunity of all persons to hold employment without discrimination or abridgment on account of physical disability. Cal. Gov. Code § 12920, Cal. Code Regs. tit. 2 § 11006.

70. Defendants during the relevant period violated California Government Code section 12940 (a), by discriminating against Plaintiff due to a physical disability, as defined in California Government Code section 12926 (m) and California Code of Regulations Title 2 section 11065(d)(2).

71. During the relevant period, Plaintiff was an employee of Defendants, and each of them.

72. During the relevant period, Defendants were Plaintiff's employers.

73. During the relevant period, Defendants, and each of them, knew Plaintiff was physically disabled.

74. Defendants discriminated against Plaintiff because of her disability.

75. Defendants discriminated against Plaintiff in compensation because of her disability.

76. Defendants discriminated against Plaintiff in terms of employment because of her disability.

77. Defendants discriminated against Plaintiff in terms of conditions of employment because of her disability.

78. Defendants discriminated against Plaintiff in terms of privileges of employment because of her disability.

**SECOND CAUSE OF ACTION**

EMPLOYMENT DISCRIMINATION BASED ON SEX

AGAINST EACH AND ALL DEFENDANTS

(Cal. Gov. Code § 12940(a) and Cal. Code Regs. tit. 2 §§ 11029 *et. seq.*)

79. Plaintiff incorporates and reasserts all preceding paragraphs, pleadings, allegations, and charges as though fully set forth herein.

80. It is an unlawful employment practice for an employer, because of sex to discharge a person from employment or to discriminate against the person in compensation, or in terms, conditions, or privileges of employment. Cal. Gov. Code § 12940(a), Cal. Code regs. tit. 2 §§ 11029 *et seq*.

81. Defendants during the relevant period violated California Government Code section 12940(a), by discriminating against Plaintiff due to sex, as defined in California Government Code section 12926 (r)(2) and California Code of Regulations Title 2 section 11030(c).

82. During the relevant period, Plaintiff was an employee of Defendants, and each of them.

83. During the relevant period, Defendants were Plaintiff's employers.

84. During the relevant times, Defendants, and each of them, knew Plaintiff was a female.

85. Defendants discriminated against Plaintiff because of her sex.

86. Defendants discriminated against Plaintiff in compensation because of her sex.

87. Defendants discriminated against Plaintiff in terms of employment because of her sex.

88. Defendants discriminated against Plaintiff in terms of conditions of employment because of her sex.

89. Defendants discriminated against Plaintiff in terms of privileges of employment because of her sex.

**THIRD CAUSE OF ACTION**
EMPLOYMENT DISCRIMINATION ON THE BASIS OF AGE
AGAINST EACH AND ALL DEFENDANTS
(Cal. Gov. Code 12940(a) and Cal. Code Regs. tit. 2 §§ 11074 *et. seq.*)

90. Plaintiff incorporates and reasserts all preceding paragraphs, pleadings, allegations, and charges as though fully set forth herein.

91. It is an unlawful employment practice for an employer, because of age to discharge a person from employment or to discriminate against the person in compensation, or in terms, conditions, or privileges of employment. Cal. Gov. Code § 12940(a), Cal. Code regs. tit. 2 §§ 11074 *et seq*.

92. Defendants during the relevant period violated California Government Code section 12940(a), by discriminating against the plaintiff due to age, as defined in California Government Code section 12926(b) and California Code of Regulations Title 2 section 11075(b).

93. During the relevant period, Plaintiff was an employee of Defendants, and each of them.

94. During the relevant period, Defendants were Plaintiff's employers.

95. During the relevant period, Plaintiff was over the age of forty (40).

96. During the relevant period, Defendants, and each of them, knew Plaintiff was over the age of forty (40).

97. Defendants discriminated against Plaintiff because of her age.

98. Defendants discriminated against Plaintiff in compensation because of her age.

99. Defendants discriminated against Plaintiff in terms of employment because of her age.

100. Defendants discriminated against Plaintiff in terms of conditions of employment because of her age.

101. Defendants discriminated against Plaintiff in terms of privileges of employment because of her age.

**FOURTH CASE OF ACTION**

EMPLOYMENT DISCRIMINATION ON THE BASIS OF OPPOSITION TO FORBIDDEN PRACTICES

AGAINST ALL DEFENDANTS

(Cal. Gov. Code §§ 12940 (h), (m)(2))

102. Plaintiff incorporates and reasserts all preceding paragraphs, pleadings, allegations, and charges as though fully set forth herein.

103. It is an unlawful employment practice for an employer, to harass, discharge, expel or otherwise discriminate against any person because the person opposed any practice forbidden under the Fair Employment and Housing Act ("FEHA"). Cal. Gov. Code § 12940(h).

104. Defendants violated California Government Code section 12940(h) by subjecting Plaintiff to adverse employment actions.

105. During the relevant period, Plaintiff was an employee of Defendants, and each of them.

106. During the relevant period, Defendants were Plaintiff's employers.

107. Plaintiff engaged in two separate protected activities, namely, opposing employment practices prohibited by FEHA and requesting reasonable accommodation of use of a stool to ease pain from a physical disability. Cal. Gov. Code § 12940(m)(2).

108. Defendants, and each of them, required Plaintiff to work outside of her physical limitations, demoted Plaintiff, and threaten to terminate Plaintiff's employment.

109. The adverse employment action taken by Defendant was substantially motivated by Plaintiff's protest of Defendants' employment discrimination based on a physical disability.

110. Plaintiff was harmed, and the Defendants' decision to take adverse employment action was a substantial factor in causing Plaintiff harm.

## FIFTH CAUSE OF ACTION

FAILURE TO TAKE ALL REASONABLE STEPS NECESSARY TO PREVENT DISCRIMINATION AND HARRASMENT FROM OCCURING
AGAINST EACH AND ALL DEFENDANTS
(Cal. Gov. Code 12940(k))

111. Plaintiff incorporates and reasserts all preceding paragraphs, pleadings, allegations, and charges as though fully set forth herein.

112. During the relevant period, Plaintiff was an employee of Defendants, and each of them.

113. During the relevant period, Defendants were Plaintiff's employers.

114. Plaintiff was subject to discrimination, harassment, and retaliation in the course of her employment by Defendants.

115. Defendants failed to take all reasonable steps to prevent the discrimination, harassment and

retaliation from occurring in violation of California Government Code section 12940(k).

116. As a result, Plaintiff was harmed.

117. Defendants' failure to take all reasonable steps to prevent the discrimination, harassment, and retaliation from occurring was a substantial factor in causing Plaintiff's harm.

**SIXTH CAUSE OF ACTION**

FAILURE TO ENGAGE IN A TIMELY, GOOD FAITH INTERACTIVE PROCESS WITH EMPLPOYEE TO DETERMINE AN EFFECTIVE REASONABLE ACCOMMODATION

AGAINST ALL DEFENDANTS

(Cal. Gov. Code § 12940 (n))

118. Plaintiff incorporates and reasserts all preceding paragraphs, pleadings, allegations, and charges as though fully set forth herein.

119. During the relevant period, Plaintiff was an employee of Defendants, and each of them.

120. During the relevant period, Defendants were Plaintiff's employers.

121. During the relevant times, Defendants, and each of them, knew Plaintiff had a physical disability.

122. During the relevant period, defendants violated California Government Code section 12940(n), by failing to engage in an interactive process with plaintiff, who had a known physical disability after Plaintiff requested accommodations.

123. Defendants failed to participate in a timely, good faith interactive process with plaintiff to determine whether reasonable accommodation could be made.

124. Plaintiff was harmed.

125. The failure of Defendants, to engage in a good faith interactive process was a substantial factor in causing Plaintiff harm.

//
//
//
//

**SEVENTH CAUSE OF ACTION**
FAILURE TO MAKE REASONABLE ACCOMODATION
AGAINST ALL DEFENDANTS
(Cal. Gov. Code § 12940 (m)(1))

126. Plaintiff realleges all paragraphs set forth above and incorporates them by reference as though they were fully set forth herein.

127. During the relevant period, Plaintiff was an employee of Defendants, and each of them.

128. During the relevant period, Defendants were Plaintiff's employers.

129. During the relevant times, Defendants, and each of them, knew Plaintiff had a physical disability.

130. During the relevant times, Plaintiff was able to perform the essential functions of her job with reasonable accommodation for her physical disability.

131. Defendants violated California Government Code section 12940 (m)(1) by failing to provide Plaintiff with reasonable accommodations based on a known physical disability.

132. The Plaintiff was harmed when Defendant denied Plaintiff's reasonable accommodation.

133. The failure of Defendants to provide Plaintiff with reasonable accommodation was a substantial factor in causing Plaintiff's harm.

**EIGHTH CAUSE OF ACTION**
UNLAWFUL HARRASMENT AND CREATING HOSTILE WORK ENVIROMENT
AGAINST EACH AND ALL DEFENDANTS
(Cal. Gov. Code § 12940(j), and Cal. Code Regs. tit. 2 §§ 11029, 11064, 11074)

134. Plaintiff incorporates and reasserts all preceding paragraphs, pleadings, allegations, and charges as though fully set forth herein.

135. During the relevant period, Plaintiff was an employee of Defendants, and each of them.

136. During the relevant period, Defendants were Plaintiff's employers.

//
//

137. During the relevant period, Defendant violated California Government Code section 12940(j), by creating a hostile work environment for the plaintiff because of her sex, physical disability, and age.

138. The harassing conduct was server or pervasive.

139. A reasonable person with a physical disability in Plaintiff's circumstance would have considered the work environment to be hostile or abusive.

140. Plaintiff considered the work environment to be hostile or abusive.

141. Plaintiff was harmed.

142. Defendants' harassing conduct was a substantial factor causing Plaintiff harm.

**NINTH CAUSE OF ACTION**
FAILURE TO PROVIDE TIMELY MEAL PERIODS
AGAINST DEFENDANT SUNRUN
(Cal. Lab. Code §§ 226.7, 512)

143. Plaintiff incorporates and reasserts all preceding paragraphs, pleadings, allegations, and charges as though fully set forth herein.

144. California Labor Code section 512 requires employers to provide every employee with an uninterrupted meal period of not less than 30 consecutive minutes, for every period of work exceeding five hours.

145. California Labor Code section 226.7 requires an employer to provide every employee with an uninterrupted rest period of not less than 10 minutes, for every period worked of four hours, or substantial portion thereof.

146. During the relevant period, Plaintiff regularly worked in excess of eight hours per day, and was thereby entitled to take uninterrupted two 10-minute rest periods on each day of work.

147. Defendants failed and refused to provide Plaintiff with uninterrupted rest periods, and failed to compensate Plaintiff for missed meal and rest periods, as required by California Labor

Code section 226.

148. As alleged herein, Plaintiff is not exempt from the meal and rest break requirements.

149. Consequently, Plaintiff is owed one hour of pay at Plaintiff's then regular hourly rate for each day that Plaintiff was denied such meal periods and is owed one hour of pay at Plaintiff's regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that Plaintiff was denied such rest periods for an amount to be proven at trial, plus interest, costs of suit, and attorney's fees and costs.

**TENTH CAUSE OF ACTION**
FAILURE TO PAY STATE PREMIUM WAGES
AGAINST DEFENDANT SUNRUN
(Cal. Lab. Code §§ 510(a), 1194)

150. Plaintiff incorporates and reasserts all preceding paragraphs, pleadings, allegations, and charges as though fully set forth herein.

151. California Labor Code section 510(a) establishes an eight (8) hour workday and a 40-hour workweek, and provides that work in excess of eight (8) hours in one day or 40 hours in one week is to be compensated at one and one-half (1 ½) the regular rate of pay.

152. As aforementioned in paragraphs 142-148, during the relevant period, Defendants failed and refused to compensate Plaintiff for missed mean rest periods as required by California Labor code section 226.

153. As such, Plaintiff worked in excess of eight (8) hours in a workday or 40 hours in a workweek without compensation at either the minimum wage or overtime.

154. California Labor Code section 1194 (a) states: Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of

the full amount of the overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

155. As a result, Plaintiff is entitled to the unpaid balance of the full amount, to be proven at trial, of overtime compensation owed, as well as interest, reasonable attorney's fees and costs.

**ELEVENTH CAUSE OF ACTION**
FAILURE TO PAY MINIMUM AND REGULAR WAGES
(Cal. Lab. Code §§ 204, 1194(a), 1194.2, 1197, and IWC WAGE ORDERS)

156. Plaintiff incorporates and reasserts all proceeding paragraphs, pleadings, allegation, and charges as though fully set forth herein.

157. Pursuant to Labor Code section 1197, payment of less than the minimum wage fixed by law is unlawful. An employer violates the minimum wage statute even if the average rate for paid and unpaid hours exceeded the minimum wage. Under California law, Plaintiff is entitled to at least the minimum wage for all time worked.

158. California Labor Code section 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." Moreover, "an employee's 'wages' or 'earnings' are the amount the employer has offered or promised to pay, or has paid pursuant to such offer or promise, as compensation for that employee's labor." *See* Prachasaisoradej v. Ralphs Grocery Co., Inc. (2007) 42 Cal.4th 217, 228

159. Defendants violated California Labor Code section 1197 by failing to pay Plaintiff the legal minimum wage for all hours worked. Specifically, Plaintiff was not compensated at all for some hours worked, including work performed during off-duty time or work during meal periods. Such meal breaks were not voluntarily waived. Plaintiff were not paid these wages when due as required by Labor Code section 204 and have not been paid to date.

160. The violation of California's minimum wage law was substantial and occurred regularly.

*161.* California Labor Code sections 1197, 204 are enforceable by private civil action pursuant to California Labor Code section 1194 and California Business and Professions Code section 17000 *et seq.*

162. California Labor Code section 1194(a) states: Notwithstanding an agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

163. In addition, pursuant to Labor Code section 1194.2, Plaintiffs are entitled to recover liquidated damages in an amount equal to the minimum wages unlawfully unpaid.

164. As such, this cause of action is under California Labor Code section 1194 to recover wages in amounts to be proven at trial, on account of Defendants' acts or omissions violating or causing violations of California Labor Code section 1197, 204.

**TWELFTH CAUSE OF ACTION**

FAILURE TO PAY ALL DUE WAGES UPON TERMINATION

(Cal. Lab. Code § 210, 203, 218.6 and Ca. Bus. § Prof. Code §§ 17000 *et seq.*)

165. Plaintiff incorporates and reasserts all preceding paragraphs, pleadings, allegations, and charges as though fully set forth herein.

166. California Labor Code section 201 requires employers to provide payment of all wages earned and unpaid immediately at the time of discharge.

167. California Labor Code section 203 (a) require the employer who fails to pay all wages earned and unpaid to continue payment of the discharged employee as a penalty from the due date thereof at the same rate until paid for a maximum period of thirty days.

168. Defendant failed to immediately provide payment to the Plaintiff of all wages earned including meal breaks, and overtime wages.

169. As a result of their unlawful, past and continuous unlawful conduct, Defendants have reaped and continue to reap unfair benefits of their unlawful conduct.

170. Defendants are unjustly enriched as they have maintained a benefit derived from its unlawful conduct, policy and trade practices.

171. If Defendants are not enjoined, Defendants will continue violate California law and the rights of their employees with impunity.

172. Injunctive relief and an order for restitution and/or disgorgement of all unlawfully benefits derived from unfair practices and the restitution of Plaintiff are within the jurisdiction of this Court under California Business and Professions Code section 17203 and are necessary to prevent further violation of the rights of California employees.

**THIRTEENTH CAUSE OF ACTION**
FAILURE TO INDEMNIFY
(Cal. Lab. Code § 2802)

173. Plaintiff incorporates and reasserts all preceding paragraph, pleadings, allegations, and charges as though fully set forth herein.

174. During the relevant period, Plaintiff was an employee of Defendants, and each of them.

175. During the relevant period, Defendants were Plaintiff's employers.

176. Plaintiff made out of pocket expense to perform her work duties and was not reimbursed for such expenses such as mileage and other related expenses.

177. Pursuant to California Labor Code section 2802, Defendant failed to indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of her duties her and obedience to the directions of the Defendant.

178. Specifically, during the relevant period, Defendant failed to reimburse Plaintiff for expenses incurred for travel expenses and mileage required to perform work duties.

**FOURTEENTH CAUSE OF ACTION**
WRONGFUL DISCRIMINATION IN VIOLATION OF PUBLIC POLICY
(Cal. Lab. Code § 12920)

179. Plaintiff incorporates and reasserts all preceding paragraph, pleadings, allegations, and charges as though fully set forth herein

180. Defendants, and each of them, discharged Plaintiff in violation of the public policy set forth in California Government Code section 12920.

181. California Government Code section 12920 declared discrimination in employment, which encompasses violations of California Government Code sections 12940(a)(h)(j)(k)(n), violated the public policy of the State of California.

182. The Defendants' discharge of Plaintiff was substantially motivated at least in part by (a) Plaintiff's, physical disability, sex, and age, (b), failure or refusal to provide Plaintiff with a reasonable accommodation, (c) failure or refusal to engage with Plaintiff in a good faith interactive process, (d) and Plaintiff's engagement in protected activities.

183. As a result of her discharge, Plaintiff was harmed.

184. Defendants' decision to discharge Plaintiff was a substantial factor in causing Plaintiff's harm.

**FIFTEENTH CAUSE OF ACTION**
FAILURE TO PROVIDE PERSONNEL RECORDS
AGAINST ALL DEFENDANTS
(Cal. Lab. Code. § 1198.5)

185. Plaintiff incorporates and reasserts all preceding paragraphs, pleadings, allegations, and charges as though fully set forth herein.

186. California Labor Code section 1198.5, states, in relevant part:

> (a) Every current and former employee, or his or her representative, has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee.
>
> (b)(1) The employer shall make the contents of those personnel records available for inspection to the current or former employee, or his or her representative, at reasonable intervals and at reasonable times, but not later than 30 calendar days from the date the employer receives a written request, unless the current or former employee, or his or her representative, and the employer agree in writing to a date beyond 30 calendar days to inspect the records, and the agreed-upon date does not exceed 35 calendar days from the employer's receipt of the written request.
>
> (k) If an employer fails to permit a current or former employee, or his or her representative, to inspect or copy personnel records within the times specified in this section, or times agreed to by mutual agreement as provided in this section, the current or former employee or the Labor Commissioner may recover a penalty of seven hundred fifty dollars ($750) from the employer.(l) A current or former employee may also bring an action for injunctive relief to obtain compliance with this section, and may recover costs and reasonable attorney's fees in such an action.

187. Defendant failed to make the contents of Plaintiff's personnel records available for inspection within 30 calendar days from the date the Defendant received Plaintiff's written request.

188. The unlawful and unfair conduct alleged in this complaint continues, and there is no indication that Defendants have refrained or will refrain from such activity in the future.

189. Plaintiff believes and alleges that if Defendants are not enjoined from the conduct set forth in this complaint, Defendants will continue to violate the California Labor Code requirements with impunity.

**SIXTEENTH CAUSE OF ACTION**
FAILURE TO PROVIDE ALL SIGNED INSTRUMENTS RELATING TO EMPLOYMENT
AGAINST EACH AND ALL DEFENDANTS
(Cal. Lab. Code § 432)

190. Plaintiff incorporates and reasserts all preceding paragraphs, pleadings, allegations, and charges as though fully set forth herein.

191. During the relevant period, Plaintiff was an employee of Defendants, and each of them.

192. During the relevant period, Defendants were Plaintiff's employers.

193. Plaintiff, following her termination of employment, requested all her personnel record including all signed documents signed in relation to obtaining or holding employment.

194. Defendants failed to provide Plaintiff all documents signed in relating to obtaining or holding of employment following Plaintiff's request in violation of California Labor Code section 432.

**SEVENTEENTH CAUSE OF ACTION**
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
AGAINST EACH AND ALL DEFENDANTS

195. Plaintiff incorporates and reasserts all preceding paragraphs, pleadings, allegations, and charges as though fully set forth herein.

196. Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted sever and outrageous misconduct.

197. Defendants' retaliatory threat to terminate the Plaintiff's employment if she continued to request reasonable accommodations was done with intent of causing, or reckless disregard for the probability of causing emotional distress to Plaintiff.

198. Defendants' harassing to act of telling the Plaintiff she could not get special treatment because of her age or disability, was done with intent of causing, or reckless disregard for the probability of causing emotional distress to Plaintiff.

199. Defendants' harassing to act of telling the Plaintiff, her job would be harder if she kept asking for a stool was done with intent of causing, or reckless disregard for the probability of causing emotional distress to Plaintiff.

200. Defendants' harassing act of telling the Plaintiff at her age, no one would hire her and "fuck you," or words to that effect was done with the intent of causing, or reckless disregard for the probability of causing emotional distress to Plaintiff.

201. Defendants' harassing to acts such as telling the Plaintiff, "she could not get special treatment because of her age or disability," was done with the intent of causing, or reckless disregard for the probability of causing emotional distress to Plaintiff.

202. Defendants' discriminatory act of demoting Plaintiff, a woman over the age of forty (40), from San Leandro, by transferring Plaintiff to an inferior employment location, and replaced by a male employee was done with the intent of causing, or reckless disregard for the probability of causing emotional distress to Plaintiff.

203. Defendants were aware that treating Plaintiff in the manner alleged above, would cause emotional distress.

204. Defendants' outrageous extreme and conduct was the actual and proximate cause of Plaintiff's severe emotional distress.

205. Defendants' conduct was a substantial faction in causing Plaintiff's severe emotional distress.

**EIGHTEENTH CAUSE OF ACTION**
UNFAIR AND UNLAWFUL ACTS IN VIOLATION OF UNFAIR COMPETITION LAW
AGAINST EACH AND ALL DEFENDANTS
(Cal. Bus. & Prof. Code §§ 17000 et. seq.)

206. Plaintiff incorporates and reasserts all preceding paragraphs, pleadings, allegations, and charges as though fully set forth herein.

207. On information and belief, and at all relevant times, Plaintiff alleges, pleads, and charges that Defendants, by and through policies and practices, engaged in unlawful activity prohibited by California Business and Professions Code section 17000 *et seq*., including the following: failing to provide meal, and break periods or compensation in lieu thereof, in violation of state law; failing to compensate Plaintiff for all hours worked, and not paying or improperly paying for work beyond eight hours in a workday or 40 hours in a week, in violation of state minimum wage laws and state and federal overtime laws; failing to pay all wages due at the appropriate periodic intervals as

required by California Labor Code section 204; failing to pay all wages owed timely upon termination of the employment relationship, in violation of state law; failing to provide accurate itemized wage statements stating all hours worked, all applicable pay rates, or all gross and net wages earned, in violation of state law; and failing to maintain records showing when Plaintiff began and ended each work period and meal period, or showing total daily hours worked or all wages earned, in violation of federal and state law.

208. Defendants' actions as alleged herein constitute false, fraudulent, unlawful, unfair, and deceptive business practices, within the meaning of California Business and Professions Code section 17000 *et. seq*. Plaintiff has suffered injury in fact and has lost money or property as a result of such unfair competition.

209. Plaintiff is entitled to an injunction and other equitable relief against Defendants for such unlawful practices to prevent future damage for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

210. As a result of Defendant's unlawful acts described herein, Defendants have reaped and continue to reap unfair benefits and unlawful profits at the expense of Plaintiff. Defendants should be enjoined from this activity and made to disgorge the ill-gotten gains and restore to Plaintiff the wrongfully withheld wages, pursuant to California Business and Professions Code section 17203, as well as to enforce penalty provisions pursuant to California Business and Professions Code section 17202.

211. Plaintiff is informed and believes, and thereon allege, that Defendants have been and continue to be unjustly enriched through false, fraudulent, unlawful, unfair, and deceptive business practices as alleged throughout this Complaint. Plaintiff is and has been prejudiced by Defendants' unfair trade practices.

212. As a direct and proximate result of Defendants' unfair business practices, Plaintiff is entitled to equitable and injunctive relief from Defendants', including full restitution and/or disgorgement of all wages which have been unlawfully withheld from them, and enjoinment of Defendants to cease and desist from engaging in the practices described herein.

213. As a direct and proximate result of Defendants' unfair business practices, Plaintiff is entitled, in accordance with California Business and Professions Code section 17202, enforcement of penalties resulting from the business acts and practices described herein, and entitled to enjoinment of Defendants to cease and desist from engaging in the practices described herein.

214. On information and belief, the unlawful conduct alleged herein is continuing, and there is no indication that Defendants will cease such activity. Plaintiff alleges that if Defendants are not enjoined from the conduct set forth in this Complaint, Defendants will continue the practice of failing to properly compensate employees for all wages owed; provide accurate wage statements; maintain required records; or pay all wages owed upon discharge.

## DEMAND FOR JUDGMENT FOR THE RELIEF SOUGHT

**WHEREFORE**, Plaintiff prays for judgment before this Court against each and all Defendants and each of them as follows:

**As to claims one (1) through eight (8), including eighteen (18):**

215. For a money judgment representing compensatory damages or special damages, representing lost wages, past and future loss of wages, together with interest thereon of the amounts to be proven at trial.

216. For punitive damages, pursuant to Civil Code section 3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future, amount to be proven at trial.

217. For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter, amount to be proven at trial;

218. For a declaratory judgment reaffirming Plaintiff's rights under the law and condemning Defendants' unlawful practices.

219. For injunctive relief barring Defendants' unlawful and discriminatory policies and practices in the future.

220. For any other in equity as the Court deems proper; and

221. For attorney's fees and cost of suit.

**As to claim nine (9) through twelve (12):**

222. For a money judgment representing unpaid wages, and all other sums of money permitted and required by law together with interest thereon of the amounts to be proven at trial.

223. For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter.

224. For a declaratory judgment reaffirming Plaintiff's rights under the law and condemning Defendants' unlawful practices;

225. For injunctive relief barring Defendants' unlawful employment policies and practices in the future.

226. For injunctive relief disgorging any benefit derived from Defendants' unlawful and unfair business practices.

227. For injunctive relief restoring Plaintiff to Plaintiff's former position in relation to Defendants.

228. For any other in equity as the Court deems proper.

229. For attorney's fees and cost of suit.

**As to all claims:**

230. For costs of suit, and attorneys' fees.

231. For pre-judgement and post-judgment interest;

232. For any other in equity as the Court deems proper and;

233. For any other relief that is just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial on all issues by jury.

DATED: April 1, 2021

Jose Z. Marin, Esq.
Attorney for Plaintiff

**FEDERAL RULE OF CIVIL PROCEDURE 7**

**COPY 1**

Pursuant to Federal Rule of Civil Procedure, Plaintiff, through undersigned counsel, states as follows: There is not parent corporation or any publicly held corporation owning 10% or more of its stock Fed. R. Civ. P. 7.1

DATED: April 1, 2021

Jose Z. Marin, Esq.
Attorney for Plaintiff

**FEDERAL RULE OF CIVIL PROCEDURE 7**

**COPY 2**

Pursuant to Federal Rule of Civil Procedure, Plaintiff, through undersigned counsel, states as follows: There is not parent corporation or any publicly held corporation owning 10% or more of its stock Fed. R. Civ. P. 7.1

DATED: April 1, 2021

Jose Z. Marin, Esq.
Attorney for Plaintiff

# EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING** KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

November 11, 2020

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202011-11779911
Right to Sue: Green / Sunrun Inc. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. This case is not being investigated by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING** KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

November 11, 2020

Mary Green
650 Castro Street, #120-338
Mountain View, California 94041

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202011-11779911
Right to Sue: Green / Sunrun Inc. et al.

Dear Mary Green:

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective November 11, 2020 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Mary Green

DFEH No. 202011-11779911

Complainant,

vs.

Sunrun Inc.
595 Market Street
San Francisco, California 94105

Shaun Chouinard
, California

Respondents

---

1. Respondent **Sunrun Inc.** is an **employer Sunrun Inc.** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **Shaun Chouinard** as individual Co-Respondent(s).

3. Complainant **Mary Green**, resides in the City of **Mountain View**, State of **California.**

4. Complainant alleges that on or about **December 13, 2019**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's sexual harassment- hostile environment.

**Complainant was discriminated against** because of complainant's sex/gender, disability (physical or mental), medical condition (cancer or genetic characteristic), age (40 and over), marital status, other, sexual harassment- hostile environment and as a result of the discrimination was terminated, denied equal pay, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people), denied work opportunities or assignments, denied or forced to transfer.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and

as a result was terminated, denied equal pay, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied or forced to transfer.

**Additional Complaint Details:**

VERIFICATION

I, **Jose Z Marin**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On November 11, 2020, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**San Francisco, CA**