1  KRISTEN J. NESBIT (SBN 2424260)
   E-Mail: knesbit@fisherphillips.com
2  FISHER & PHILLIPS LLP
3  444 South Flower Street, Suite 1500
   Los Angeles, California 90071
4  Telephone: (213) 330-4500
   Facsimile:  (213) 330-4501
5
6  PHILIP J. SMITH (SBN 232462)
   E-Mail:  psmith@fisherphillips.com
7  FISHER & PHILLIPS LLP
   One Embarcadero Center, Suite 2050
8  San Francisco, California 94111
   Telephone: (415) 490-9000
9  Facsimile:  (415) 490-9001

10 Attorneys for Defendants
   SUNRUN INC. and COSTCO
11 WHOLESALE CORPORATION

12              UNITED STATES DISTRICT COURT

13    NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

14

15 MARY HUNTER GREEN,                 Case No:   5:21-CV-02387-VKD

16              PLAINTIFF,            *Assigned to: Magistrate Judge Virginia DeMarchi*

17      v.                           **DEFENDANT SUNRUN INC.'S NOTICE OF
                                      MOTION AND MOTION TO COMPEL
18 COSTCO WHOLESALE CORPORATION,      ARBITRATION AND TO DISMISS OR STAY
   SUNRUN INC. AND DOES 1 THROUGH     THE ACTION IN LIEU OF FILING ANSWER**
19 20,
                                      *[Filed Concurrently with: Defendant Costco
20              DEFENDANTS.           Wholesale Corporation Notice of Joinder and
                                      Joinder of Defendant Sunrun Motion to Compel;
21                                    Declaration of Philip J. Smith, Declaration of
                                      Jessica O'Quinn and [Proposed] Order]*
22
                                      Hearing:          August 17, 2021
23                                    Time:             10:00 a.m.
                                      Courtroom:        2
24                                    Complaint Filed:  April 1, 2021
                                      Trial Date:       None Set
25

26

27

28
                                              0                Case No. 5:21-CV-02387-VKD
   **DEFENDANT SUNRUN INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO
         DISMISS OR STAY THE ACTION IN LIEU OF FILING ANSWER**

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

2

NOTICE IS HEREBY GIVEN that on  August 17, 2021 at 10:00 a.m. or as soon thereafter as

3

the matter may be heard, in Courtroom 2 of the above-entitled Court, located at the Robert F. Peckham

4

Federal Building & United States Courthouse, 280 South 1st Street, San Jose, California 95113,

5

Defendant Sunrun Inc. (hereinafter "Sunrun") will and hereby does move this Court for an order

6

compelling Plaintiff Mary Hunter Green ("Plaintiff") to arbitrate all purported disputes with Sunrun and

7

for the dismissal or a stay of the instant action.

8

This Motion is made pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), 12(b)(6)

9

and 81(c)(2)(C) and the Federal Arbitration Act, 9 U.S.C. §§ 1, 15 on the grounds that Plaintiff agreed

10

to submit all employment related claims to binding private arbitration.  The parties are therefore entitled

11

to have this case submitted to arbitration and to dismiss the pleadings in this matter.

12

This Motion is based on this Notice of Motion, the attached Memorandum of Points and

13

Authorities, the Declaration of Jessica O'Quin, and the Declaration of Philip J. Smith, all of which are

14

served and filed concurrently herewith.  This Motion is also based on the complete files and records on

15

file in this action and such oral and documentary evidence as may be presented at or before the hearing

16

of this motion.

17

Dated:  June 29, 2021                              Respectfully submitted,

18

FISHER & PHILLIPS LLP

19

20

By: */s/Philip J. Smith*

21

KRISTEN J. NESBIT
PHILIP J. SMITH

22

Attorneys for Defendants
SUNRUN INC. and COSTCO WHOLESALE

23

CORPORATION

24

25

26

27

28

1                              Case No. 5:21-CV-02387-VKD

**DEFENDANT SUNRUN INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO
DISMISS OR STAY THE ACTION IN LIEU OF FILING ANSWER**

# <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION AND SUMMARY OF THE ARGUMENT ............................................. 7

II.   SUMMARY OF RELEVANT FACTS ............................................................................ 8

    A.    Plaintiff Agreed to Arbitrate All Employment Disputes Against Defendant ............. 8

    B.    Plaintiff Refuses to Stipulate to Arbitration.................................................................. 9

    C.    Plaintiff's Claims in this Action All Relate to Her Employment With Sunrun And Are Covered By The Arbitration Agreement.................................................. 9

III.  LEGAL ARGUMENT ................................................................................................... 10

    A.    Plaintiff Electronically Signed the Arbitration Agreement and is Bound By its Terms ........................................................................................................................ 10

    B.    Even Assuming *Arguendo* That Plaintiff Did Not Sign the Arbitration Agreement, Plaintiff is Bound by Its Terms Because of Her Continued Employment ................. 11

    C.    The Federal Arbitration Act Requires Arbitration of Plaintiff's Claims Against Defendant .................................................................................................................. 12

    D.    The FAA Governs the Arbitration Agreement In This Case Because The Agreement Evidences A Transaction Involving Commerce ..................................... 12

    E.    The FAA Favors Arbitration.................................................................................... 14

    F.    California Law Requires Arbitration of Plaintiff's Claims...................................... 14

    G.    The Arbitration Agreement Plaintiff Signed Satisfies the *Armendariz* Requirements ............................................................................................................ 15

    H.    Any Provision of the Arbitration Agreement Deemed Unconscionable Should Be Severed and the Remainder of the Arbitration Agreement Should Be Enforced ...... 17

IV.   PLAINTIFF'S CLAIMS SHOULD BE DISMISSED AND/OR STAYED PENDING COMPLETION OF BINDING ARBITRATION................................................................ 18

V.    CONCLUSION ............................................................................................................. 20

Case No. 5:21-CV-02387-VKD
**DEFENDANT SUNRUN INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO DISMISS OR STAY THE ACTION IN LIEU OF FILING ANSWER**

FP 40886492.1

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allied-Bruce Terminix Cos. v. Dobson*
(1995) 513 U.S. 265 ................................................................................................................ 13

*Armendariz v. Foundation Health Psychcare Services*
(2000) 24 Cal.4th 83 ....................................................................................................... *passim*

*Asmus v. Pac. Bell*,
23 Cal. 4th 1 (2000) ............................................................................................................... 11

*AT&T Mobility LLC v. Concepcion*
(2011) 563 U.S. 333 ........................................................................................................ 12, 14

*AT&T Tech., Inc. v. Communication Workers of Am.*
(1986) 475 U.S. 643 ............................................................................................................... 14

*Basura v. U.S. Home Corp.*
(2002) 98 Cal.App.4th 1205 ................................................................................................. 13

*Bayscene Resident Negotiators v. Bayscene Mobilehome Park*
(1993) 15 Cal.App.4th 119 ................................................................................................... 15

*Bolanos v. Khalatian*,
231 Cal. App. 3d 1586 (1991) .............................................................................................. 11

*Browsercam, Inc. v. Gomez, Inc.*,
No. C 08-02959 WHA, 2009 WL 210513 (N.D. Cal. Jan. 27, 2009)................................... 19

*Cartrade, Inc. v. Ford Dealers Advertising Assoc.*
(9th Cir. 1971) 446 F.2d 289 ............................................................................................... 13

*Chappel v. Lab. Corp. of Am.*,
232 F.3d 719 (9th Cir. 2000) ................................................................................................ 18

*Circuit City Stores, Inc. v. Adams*
(2001) 532 U.S. 105, 123.......................................................................................... 12, 13, 14

*Coast Plaza Doctors Hospital v. Blue Cross of California*
(2000) 83 Cal. App.4th 677 ............................................................................................ 15, 19

*Craig v. Brown & Root, Inc.*,
84 Cal. App. 4th 416 (2000) ................................................................................................. 11

Case No. 5:21-CV-02387-VKD

**DEFENDANT SUNRUN INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO
DISMISS OR STAY THE ACTION IN LIEU OF FILING ANSWER**

FP 40886492.1

*EEOC v. Luce, Forward, Hamilton & Scripps*
(9th Cir. 2003) 345 F.3d 742 .................................................................. 12, 14

*Fittante v. Palm Springs Motors, Inc.*
(2003) 105 Cal.App.4th 708 ........................................................................ 15

*Genesco, Inc. v. T. Kakiuchi & Co., Ltd.,*
815 F.2d 840 (2nd Cir. 1986)...................................................................... 11

*Green Tree Fin. Corp. v. Randolph*
(2000) 531 U.S. 79 ................................................................................ 12, 14

*Howsam v. Dean Witter Reynolds, Inc.*
(2002) 537 U.S. 79 ........................................................................................ 8

*Ideal Co., Inc. v. 1st Merchant Funding, LLC,*
No. CV 15-07256 ......................................................................................... 18

*Lamps Plus, Inc. v. Varela*
(2019) 139 S.Ct. 1407 ................................................................................. 12

*Little v. Auto Stiegler, Inc.*
(2003) 29 Cal.4th 1064 ............................................................................... 18

*McManus v. CIBC World Markets, Corp.*
(2003) 109 Cal.App.4th 76 ................................................................... 15, 18

*Moncharsh v. Heily & Blase*
(1992) 3 Cal.4th 1 ....................................................................................... 15

*Nghiem v. NEC Electronics, Inc.,*
25 F.3d 1437 (9th Cir. 1994) ...................................................................... 11

*Oakland-Alameda County Coliseum Authority v. CC Partners*
(2002) 101 Cal.App.4th 635 (overruled on other grounds) ........................ 15

*Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC,*
55 Cal. 4th 223 (2012) ................................................................................ 11

*Rickards v. United Parcel Service, Inc.*
(2012) 206 Cal.App.4th 1523 ..................................................................... 10

*Southland Corp. v. Keating*
(1984) 465 U.S. 1 ........................................................................................ 12

*Stacy v. Brinker Rest. Corp.,*
No. 1:12-cv-00851-LJO-BAM, 2012 WL 5186975 (E.D. Cal. Oct. 18, 2012)................................ 12

Case No. 5:21-CV-02387-VKD

**DEFENDANT SUNRUN INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO DISMISS OR STAY THE ACTION IN LIEU OF FILING ANSWER**

FP 40886492.1

*Thinket Ink Info. Ress., Inc. v. Sun Microsystems, Inc.*,
   368 F.3d 1053 (9th Cir. 2004) ..................................................................... 18

*United Transp. v. Southern Cal. Rapid Transit Dist.*
   (1992) 7 Cal.App.4th 804 ............................................................................ 15

*Valley Power Sys., Inc. v. Gen. Elec. Co.*,
   No. CV 11-10726 CAS, 2012 WL 665977 (C.D. Cal. Feb. 27, 2012) ........................ 18

**Statutes**

9 U.S.C. § 2 ................................................................................................... 12

9 U.S.C. § 3 ................................................................................................... 19

9 U.S.C. §§ 3-4 ................................................................................................ 8

California *Code of Civil Procedure* § 1670.5 ............................................................ 18

California *Code of Civil Procedure.* §§ 1281.2, 1281.4 .................................................. 8

California Arbitration Act ...................................................................................... 14

California *Code of Civil Procedure* § 1281 ................................................................. 9

California *Code of Civil Procedure* § 1281.2 ........................................................ 14, 15

California *Code of Civil Procedure* §1281.4 ............................................................... 19

California Uniform Electronic Transactions Act, *Civil Code* § 1633.1 *et seq.* ..................... 10

*Civil Code* § 1633.7, subd. (c) .............................................................................. 10

FAA, California's Arbitration Act ............................................................................. 14

Federal Arbitration Act ................................................................................... 8, 9, 12

Federal Arbitration Act, 9 U.S.C. §§ 1, 15 ............................................................. 1, 12

UETA ..................................................................................................... 10, 11

**Other Authorities**

California *Civil Code* ........................................................................................ 17

Federal Rules of Civil Procedure 12(b)(1), (3), and (6) ................................................. 18

Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), 12(b)(6) and 81(c)(2)(C) ........................ 1

**DEFENDANT SUNRUN INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO DISMISS OR STAY THE ACTION IN LIEU OF FILING ANSWER**

FP 40886492.1

Rule 12(b)(6) .................................................................................................................... 18

Rule 17 ............................................................................................................................... 16

Case No. 5:21-CV-02387-VKD
**DEFENDANT SUNRUN INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO DISMISS OR STAY THE ACTION IN LIEU OF FILING ANSWER**

FP 40886492.1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**      **INTRODUCTION AND SUMMARY OF THE ARGUMENT**

In an effort to circumvent her agreement to arbitrate all employment-related disputes with Defendant SUNRUN INC. ("Sunrun", "Company" or "Defendant"), Plaintiff MARY HUNTER GREEN ("Plaintiff") filed this lawsuit asserting eighteen causes of action under the California Government Code, California Labor Code and California Business & Professions Code.

Specifically, Plaintiff filed a complaint against Sunrun and Defendant Costco Wholesale Corporation ("Costco")(Sunrun and Costco are collectively referred to hereafter as "Defendants") on April 1, 2021, asserting the following eighteen causes of action: (1) employment discrimination on the basis of physical disability; (2) employment discrimination on the basis of sex; (3) employment discrimination on the basis of age; (4) employment discrimination on the basis of opposition to forbidden practices; (5) failure to take all reasonable steps necessary to prevent discrimination and harassment from occurring; (6) failure to engage in a timely, good faith interactive process with employee to determine an effective reasonable accommodation; (7) failure to make reasonable accommodation; (8) creating a hostile work environment; (9) failure to provide timely meal periods; (10) failure to pay state premium wages; (11) failure to pay minimum and regular wages; (12) failure to pay all due wages upon termination; (13) failure to provide personnel records; (14) failure to provide all signed instruments in relation to employment; (15) failure to indemnify; (16) wrongful termination in violation of public policy; (17) intentional infliction of emotional distress; and (18) unfair and unlawful acts in violation of unfair competition law.

Plaintiff cannot pursue her claims in this Court because she executed a valid arbitration agreement at the outset of her employment with Sunrun that encompasses each of those claims. Specifically, Plaintiff signed an offer letter on March 14, 2018 ("Offer Letter") that includes an arbitration provision.  (Declaration of Jessica O'Quin ("O'Quin Decl."), at ¶ 11, Exhibit A.)  On April 2, 2018—the same day she commenced employment with Sunrun—Plaintiff signed an Employee Confidentiality, Inventions Assignments and Arbitration Agreement (California) (hereinafter "Arbitration Agreement") that also includes a mutual agreement to arbitrate employment-related

**DEFENDANT SUNRUN INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO DISMISS OR STAY THE ACTION IN LIEU OF FILING ANSWER**

disputes.  (O'Quin Decl., at ¶ 12, Exhibit B.)  The Arbitration Agreement includes an integration clause and therefore governs this dispute.  The clear and unambiguous terms of the Arbitration Agreement require arbitration of each of Plaintiff's claims.  Unfortunately, Plaintiff has refused to stipulate to binding arbitration. (Declaration of Philip J. Smith ("Smith Decl.") at ¶ 4-5, Exhibits B-C.)  As a result of her refusal to honor contractual obligations, Defendant has been forced to file the instant Motion.

As explained below, the Court should compel Plaintiff to arbitrate all of her claims pursuant to the Federal Arbitration Act ("FAA") because the dispute resolution provisions in the Arbitration Agreement are valid, enforceable, fully encompass each of Plaintiff's claims at issue in this case, and involve interstate commerce due to the nature of the Company's business. *Howsam v. Dean Witter Reynolds, Inc.* (2002) 537 U.S. 79, 84; Cal. *Code of Civ. Proc.* §§ 1281.2, 1281.4; 9 U.S.C. §§ 3-4. Moreover, the Arbitration Agreement conforms to and in fact exceeds the minimal requirements for enforceability set forth in *Armendariz v. Foundation Health Psychcare Services* (2000) 24 Cal.4th 83. As a result, Defendant respectfully requests that this Court grant its Motion to Compel in its entirety, order Plaintiff to binding arbitration, and stay or dismiss this action pending the completion of arbitration.

## II.  SUMMARY OF RELEVANT FACTS

### A.  Plaintiff Agreed to Arbitrate All Employment Disputes Against Defendant

As indicated above, Plaintiff signed the Offer Letter on March 14, 2018, and the Arbitration Agreement on April 2, 2018. (O'Quin Decl., at ¶¶ 11-12, Exhibits A-B.)  Based on the four corners of the Arbitration Agreement, the dispute resolution provisions are fair, mutual, and not designed to favor Defendant.  The Arbitration Agreement embodies a mutual obligation between Plaintiff and the Company to arbitrate disputes, including all the disputes alleged in the Complaint, under the Federal Arbitration Act.  Indeed, the Arbitration Agreement states that "THE COMPANY AND I AGREE TO ARBITRATE BEFORE A NEUTRAL ARBITRATOR ANY AND ALL CONTROVERSIES, CLAIMS, OR DISPUTES BETWEEN US ... ARISING OUT OF, RELATING TO, OR RESULTING FROM [PLAINTIFF'S] EMPLOYMENT OR RELATIONSHIP WITH THE COMPANY OR THE TERMINATION OF [HER] EMPLOYMENT OR RELATIONSHIP WITH THE COMPANY,

**DEFENDANT SUNRUN INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO DISMISS OR STAY THE ACTION IN LIEU OF FILING ANSWER**

INCLUDING ANY BREACH OF THIS AGREEMENT, UNDER THE FEDERAL ARBITRATION ACT." (O'Quin Decl., at ¶ 12, Exhibit B.) The Arbitration Agreement expressly states that the Federal Arbitration Act governs the agreement between the parties. (Id.)

The Arbitration Agreement broadly applies to all employment-related disputes between the Company and Plaintiff, which includes each cause of action in the Complaint. Because Plaintiff cannot dispute that she signed the Arbitration Agreement, there can be no doubt she agreed to arbitrate all disputes connected in any way to her employment with the Company. Moreover, she agreed to arbitrate all such disputes on an individual basis.

**B.      Plaintiff Refuses to Stipulate to Arbitration**

In accordance with California *Code of Civil Procedure* section 1281, Defendants' counsel advised Plaintiff's counsel that Plaintiff's claims are subject to binding arbitration and requested that Plaintiff stipulate to arbitrating their claims against Defendants. (Smith Decl. ¶ 4, Exhibit B.) However, Plaintiff's counsel indicated that Plaintiff claimed she did not sign the Arbitration Agreement and would not stipulate to arbitration. (*Id.* ¶ 5, Exhibit C.) Because Plaintiff has refused to submit her claims to, Sunrun was forced to file this Motion.

**C.      Plaintiff's Claims in this Action All Relate to Her Employment With Sunrun And Are Covered By The Arbitration Agreement**

On April 1, 2021, Plaintiff filed the operative complaint in this action against Defendants. The Complaint alleges the following: (1) employment discrimination on the basis of physical disability; (2) employment discrimination on the basis of sex; (3) employment discrimination on the basis of age; (4) employment discrimination on the basis of opposition to forbidden practices; (5) failure to take all reasonable steps necessary to prevent discrimination and harassment from occurring; (6) failure to engage in a timely, good faith interactive process with employee to determine an effective reasonable accommodation; (7) failure to make reasonable accommodation; (8) creating a hostile work environment; (9) failure to provide timely meal periods; (10) failure to pay state premium wages; (11) failure to pay minimum and regular wages; (12) failure to pay all due wages upon termination; (13) failure to provide personnel records; (14) failure to provide all signed instruments in relation to

**DEFENDANT SUNRUN INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO DISMISS OR STAY THE ACTION IN LIEU OF FILING ANSWER**

employment; (15) failure to indemnify; (16) wrongful termination in violation of public policy; (17) intentional infliction of emotional distress; and (18) unfair and unlawful acts in violation of unfair competition law. (Smith Decl., ⁋ 3, Exhibit A.)  It is undisputed that all of Plaintiff's claims arise out of her employment relationship with Sunrun.  As a result, they fall squarely within the confines of the Arbitration Agreement.  Again, the Arbitration Agreement executed by Plaintiff broadly applies to cover all disputes that may arise out of or be related in any way to her employment.

## III.   LEGAL ARGUMENT

### A.   Plaintiff Electronically Signed the Arbitration Agreement and is Bound By its Terms

California supports electronic signatures on contracts. *See* California Uniform Electronic Transactions Act ("UETA"), *Civil Code* § 1633.1 *et seq*. Under the UETA, an electronic record satisfies the requirement that a record be in writing. *Civil Code* § 1633.7, subd. (c). More succinctly, the UETA provides: "If a law requires a signature, an electronic signature satisfies the law." *Id.*, § 1633.7, subd. (d). Moreover, the UETA states that a "signature" on a contract "may not be denied legal effect or enforceability solely because it is in electronic form." *Id.,* § 1633.7, subdivisions (a) and (c).

The UETA further provides that "[a]n electronic record or electronic signature is attributable to a person if it was the act of the person. ***The act of the person may be shown in any manner***[.]" *Id.*, § 1633.9, subd. (a) (emphasis added); *Rickards v. United Parcel Service, Inc.* (2012) 206 Cal.App.4th 1523, 1529. Importantly, the UETA specifically allows a proponent to prove an individual signed an on-line agreement or document by "a showing of the efficacy of any security procedure" for the on-line signing process. *Id.*, § 1633.9(a).

The accompanying declaration of Jessica O'Quin details the protocols in place for securing an employee's electronic signature, including password-protections, with individual passwords created by, and known only to, that employee and no one else. (O'Quin Decl., at ¶ 7-8.)  This is precisely the type of "security procedure" contemplated by the UETA that is sufficient to establish that the resulting electronic signature is valid and legally binding.

Sunrun's records establish that Plaintiff did, in fact, electronically sign the Arbitration Agreement

**DEFENDANT SUNRUN INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO DISMISS OR STAY THE ACTION IN LIEU OF FILING ANSWER**

FP 40886492.1

using her own unique password in accordance with those very security procedures to ensure the validity of Plaintiff's electronic signature. (Id. at ¶¶ 7-12, Exhibits A-B.) Pursuant to the UETA, Plaintiff's execution of the Arbitration Agreement via electronic signature therefore effectively bound her to its terms and conditions.

**B.  Even Assuming *Arguendo* That Plaintiff Did Not Sign the Arbitration Agreement, Plaintiff is Bound by Its Terms Because of Her Continued Employment**

As set forth above, Plaintiff's electronic signature is sufficient to require her to arbitrate her claims. Nevertheless, even if Plaintiff had not electronically signed the Arbitration Agreement (which she did), she would still be bound by its terms. Under the FAA and California law, an agreement to arbitrate may be implied by continued employment.  (*Craig v. Brown & Root, Inc.*, 84 Cal. App. 4th 416, 420 (2000); *see also Asmus v. Pac. Bell*, 23 Cal. 4th 1, 11 (2000) ("California law permits employers to implement policies that may become unilateral implied-in-fact contracts when employees accept them by continuing their employment."); *Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC*, 55 Cal. 4th 223, 236 (2012) ("A signed agreement is not necessary, however, as a party's acceptance may be implied in fact.").)  Similarly, an agreement to arbitrate is binding even if a party failed to read it.  (*See Bolanos v. Khalatian*, 231 Cal. App. 3d 1586, 1590 (1991).)  In *Craig*, the Court of Appeal enforced the employer's arbitration agreement, despite the employee denying receipt of the agreement, because the employee had continued her employment. (*Craig*, 84 Cal. App. 4th at 421.)

Here, even though Plaintiff electronically acknowledged the Arbitration Agreement, it would still be enforceable even if she had not signed it.  (*Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F.2d 840, 846 (2nd Cir. 1986) (under the FAA, "a party may be bound by an agreement to arbitrate even absent a signature… [W]hile the Act requires a writing, it does not require that the writing be signed by the parties."); *Nghiem v. NEC Electronics, Inc.*, 25 F.3d 1437, 1439 (9th Cir. 1994).  It cannot be disputed that Plaintiff received the Arbitration Agreement, as part of Sunrun's onboarding process for new employees.  (O'Quin Decl. ¶ 6-8.)  After receiving the Arbitration Agreement, Plaintiff continued to work for Sunrun until on or about December 2019, when she separated from Sunrun. Therefore, even absent an electronic signature (which is not the case here), Plaintiff evidenced her intent to be bound by

**DEFENDANT SUNRUN INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO DISMISS OR STAY THE ACTION IN LIEU OF FILING ANSWER**

FP 40886492.1

the Arbitration Agreement.

### C.   The Federal Arbitration Act Requires Arbitration of Plaintiff's Claims Against Defendant

In the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, "Congress declared a national policy favoring arbitration and withdrew the power of the States to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." (*Southland Corp. v. Keating* (1984) 465 U.S. 1, 10.)  The FAA creates a presumption in favor of arbitration and requires the enforcement of a written agreement to arbitrate. (9 U.S.C. § 2; *see also AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333, 344 ("The 'principal purpose' of the FAA is to 'ensur[e] that private arbitration agreements are enforced according to their terms.'").)  Indeed, as the Supreme Court noted in *AT&T Mobility*, it is "beyond dispute that the FAA was designed to promote arbitration." (*Id.* at 345.)

Courts have consistently found that an agreement between an employer and employee to arbitrate employment-related disputes is valid and enforceable under the FAA.  (*See Circuit City Stores, Inc. v. Adams* (2001) 532 U.S. 105; *see also EEOC v. Luce, Forward, Hamilton & Scripps* (9th Cir. 2003) 345 F.3d 742 (agreements for arbitration of employment claims are valid and enforceable); *Stacy v. Brinker Rest. Corp.*, No. 1:12-cv-00851-LJO-BAM, 2012 WL 5186975 (E.D. Cal. Oct. 18, 2012) (compelling arbitration of FEHA and common law tort claims).).  Notably, the burden is on the party opposing arbitration to proffer evidence demonstrating that such an agreement is invalid.  (*See Green Tree Fin. Corp. v. Randolph* (2000) 531 U.S. 79, 91-92.)  Thus, the FAA unequivocally "requires courts 'rigorously' to 'enforce arbitration agreements according to their terms.'" (*Id.* at p. 1621 [emphasis altered and internal citations omitted]; see (*Lamps Plus, Inc. v. Varela* (2019) 139 S.Ct. 1407, 1412 (same).))

### D.   The FAA Governs the Arbitration Agreement In This Case Because The Agreement Evidences A Transaction Involving Commerce

The FAA governs an arbitration agreement when the agreement "evidence[s] a transaction involving commerce." (9 U.S.C. § 2; *Circuit City Stores, Inc. v. Adams* (2001) 532 U.S. 105, 111-119 (noting that the FAA applies generally to "all employment contracts" except those in the transportation

DEFENDANT SUNRUN INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO DISMISS OR STAY THE ACTION IN LIEU OF FILING ANSWER

FP 40886492.1

industries)).   The Supreme Court has held that the term "involving commerce" should be interpreted broadly, so that any arbitration agreement affecting commerce in any way is governed by the FAA.  (*See Allied-Bruce Terminix Cos. v. Dobson* (1995) 513 U.S. 265, 273-74 ("After examining the statute's language, background, and structure, we conclude that the word 'involving' is broad and is indeed the functional equivalent of 'affecting.'")).   Indeed, the FAA's reach is expansive, and coincides "with that of the Commerce Clause."  (*Id.* at 274.)  As a result, the Supreme Court and California courts have found that as long as a company purchases out of state materials and/or engages in any interstate commerce, the FAA preempts state law. (*See, e.g., Allied-Bruce Terminix Cos., supra,* 513 U.S. at 282 (using materials created outside the state to complete a project negotiated and completely performed within that state is sufficient to evidence interstate commerce); *Basura v. U.S. Home Corp.* (2002) 98 Cal.App.4th 1205, 1214 (engaging "in marketing and advertising activities throughout the country using interstate media" was sufficient to demonstrate that the FAA applied)).

Here, Sunrun is incorporated in the State of Delaware and operates throughout the United States including, but not limited to, the states of California, Arizona, Colorado, Connecticut, Florida, Hawaii, Illinois, Massachusetts, Maryland, Nevada, New Hampshire, New Jersey, New Mexico, New York, Pennsylvania, Rhone Island, South Carolina, Texas, Utah, Vermont and Wisconsin.  (O'Quin Decl., at ¶ 3.)  Sunrun provides solar electricity systems to customers throughout the country, and the materials utilized for this purpose are purchased from vendors and manufacturers across state lines. (*Id.*)   In addition, Sunrun and its employees use interstate communication networks including U.S. Mail, the internet, and telephones, to run Sunrun's business operations.  (*Id.*)  Because Sunrun purchases goods and services throughout the United States, markets its products and services nationwide, and Sunrun uses interstate communication networks (internet, cellular, and mail) to conduct its business in California and beyond, it is engaged in interstate commerce within the meaning of the FAA.  (*Cartrade, Inc. v. Ford Dealers Advertising Assoc.* (9th Cir. 1971) 446 F.2d 289, 292.)  Plaintiff expressly acknowledged and agreed in the Arbitration Agreement that the FAA applies.  (O'Quin Decl., at ¶ 12, Exhibit A.)

Regarding arbitration agreements in the employment context, the United States Supreme Court has made it clear that the FAA mandates the enforcement of such agreements. (*Circuit City Stores, Inc.*

**DEFENDANT SUNRUN INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO DISMISS OR STAY THE ACTION IN LIEU OF FILING ANSWER**

1  *v. Adams* (2001) 532 U.S. 105,123.)  The Supreme Court has expressly asserted that, "we have been

2  clear in rejecting the supposition that the advantages of the arbitration process somehow disappear when

3  transferred to the employment context." (*Id.*)  The FAA thus applies to Plaintiff's agreements to arbitrate

4  all of her employment-related claims against Sunrun.  Consequently, Plaintiff cannot dispute that the

5  FAA governs the arbitration agreement she signed.

6  **E.    The FAA Favors Arbitration**

7  The FAA creates a general presumption in favor of arbitration and requires enforcement of a

8  written agreement to arbitrate.  (*AT&T Mobility, supra,* 563 U.S. at 347, n. 6.)  It is well settled that a

9  court must interpret arbitration clauses in light of the "liberal federal policy favoring arbitration" and

10  resolve any doubts concerning the scope of arbitrable issues in favor of arbitration.  (*Green Tree Fin.*

11  *Corp. v. Randolph* (2000) 531 U.S. 79, 91; *see also AT&T Tech., Inc. v. Communication Workers of Am.*

12  (1986) 475 U.S. 643, 650 (*quoting United Steelworkers of Am. v. Warrior & Gulf Navigation Co.* (1960)

13  363 U.S. 574, 582-83 ("Doubts should be resolved in favor of coverage.").)  Courts have consistently

14  held valid agreements to arbitrate employment-related disputes signed by employees as a condition of

15  employment.  (*Circuit City Stores, Inc. v. Adams*, *supra*, 532 U.S. 105; *EEOC v. Luce, Forward,*

16  *Hamilton & Scripps, supra*, 345 F. 3d 742.)  In this case, Plaintiff can neither overcome this presumption

17  nor meet her burden of demonstrating the arbitration agreement she signed is invalid.  Thus, the Court

18  should grant Defendant's motion to compel arbitration.

19  **F.    California Law Requires Arbitration of Plaintiff's Claims**

20  Although Defendant contends that the FAA governs the arbitration agreement that Plaintiff

21  signed, these agreements also satisfy the minimal requirements for enforceability under the California

22  Arbitration Act as set forth in *Armendariz v. Foundation Health Psychcare Services* (2000) 24 Cal.4th

23  83, 91.  A plain reading of the agreements confirm that they are enforceable under *Armendariz*.

24  Mirroring the FAA, California's Arbitration Act (the "CAA") requires courts to compel

25  arbitration of any controversy covered by the terms of a written agreement to arbitrate.  Specifically,

26  California *Code of Civil Procedure* Section 1281.2 provides:

27  On petition of a party to an arbitration agreement alleging the existence of
a written agreement to arbitrate a controversy and that a party thereto

28
14

refuses to arbitrate such controversy, **the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists** . . .

(*Id*. (emphasis added); *see also Fittante v. Palm Springs Motors, Inc.* (2003) 105 Cal.App.4th 708, 713.) California courts have consistently recognized California's strong public policy in favor of enforcing arbitration agreements.  (*See, e.g., McManus v. CIBC World Markets, Corp.* (2003) 109 Cal.App.4th 76, 85 ("[t]here is a public policy in favor of arbitration under...state law"); *Armendariz v. Foundation Health* (2000) 24 Cal.4th 83, 97 ("California law...favors enforcement of valid arbitration agreements"); *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9 (stating that California has a "strong public policy in favor of arbitration").  Thus, arbitration is the preferred forum for resolution of disputes under California law.  (*United Transp. v. Southern Cal. Rapid Transit Dist.* (1992) 7 Cal.App.4th 804, 808 ("Doubts as to whether an arbitration clause applies to a particular dispute are to be resolved in favor of sending the parties to arbitration"); *Bayscene Resident Negotiators v. Bayscene Mobilehome Park* (1993) 15 Cal.App.4th 119, 127 ("Resolution of disputes by arbitration however is strongly favored in this state.").)  Consistent with this policy, courts have observed that "arbitration agreements should be liberally interpreted *and arbitration should be ordered unless an agreement clearly does not apply to the dispute in question*."  (*Oakland-Alameda County Coliseum Authority v. CC Partners* (2002) 101 Cal.App.4th 635, 644 (overruled on other grounds) (emphasis added); *see also Coast Plaza Doctors Hospital v. Blue Cross of California* (2000) 83 Cal. App.4th 677, 686.)

Accordingly, this Court must review the arbitration agreement executed by Plaintiff in the context of California's strong presumption of enforceability and as such must decide any close questions of law or fact in favor of the enforcement of that agreement.

## G.    The Arbitration Agreement Plaintiff Signed Satisfies the *Armendariz* Requirements

As discussed *supra*, the arbitration agreements conform with the CAA and the minimal requirements for enforceability under the CAA as set forth by the California Supreme Court in *Armendariz v. Foundation Health* (2000) 24 Cal.4th 83.  *Armendariz* outlines the necessary requirements for a valid arbitration agreement to govern an employment relationship. The two-pronged "unconscionability test" used by the California Supreme Court identified five necessary safeguards for

15

**DEFENDANT SUNRUN INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO DISMISS OR STAY THE ACTION IN LIEU OF FILING ANSWER**

FP 40886492.1

1  a lawful, enforceable arbitration agreement.   These include: (1) a neutral arbitrator; (2) adequate

2  discovery; (3) a written reasoned opinion; (4) identical types of relief as available in a judicial forum;

3  and (5) not requiring the employee to bear costs unique to arbitration.  (*Armendariz*, 24 Cal.4th at 102-

4  114.)  As outlined in the following subsections, the arbitration agreement unquestionably satisfies each

5  of the *Armendariz* requirements.

6  <center>i.      <u>The Arbitration Agreement Provides for a Neutral Arbitrator</u></center>

7       The *Armendariz* court reiterated that a neutral arbitrator "is essential to ensuring the integrity of

8  the arbitration process."  *Id*. at 103.  Here, the Arbitration Agreement expressly provides for the selection

9  of a neutral arbitrator, while also applying JAMS arbitration rules requiring the same.  (O'Quin Decl.,

10 Exhibit B.)  There should be no doubt that pursuant to JAMS rules, the Arbitration shall be neutral absent

11 an agreement by all parties.  (Smith Decl., Exhibit D.)  Because JAMS rules provide that the arbitrator

12 must be neutral, and the Arbitration Agreement itself expressly provides for a neutral arbitrator, the first

13 prong of the test is satisfied.

14 <center>ii.      <u>The Arbitration Agreement Provides for More Than Minimal Discovery</u></center>

15      *Armendariz* further requires that arbitration agreements provide "for more than a minimal amount

16 of discovery."  (*Id*. at 103, 104-05.)  Notably, "when parties agree to arbitrate statutory claims, they also

17 implicitly agree, absent express language to the contrary, to such procedures as are necessary to vindicate

18 that claim."  (*Armendariz, et. al.,* 24 Cal.4th at 106.)  Here, the Arbitration Agreement does not place

19 any restrictions or limitations on discovery, thereby making available the same types of discovery that

20 would be permitted in civil actions or as may be agreed by the parties.   The Arbitration Agreement

21 invokes JAMS Employment Arbitration Rules, which recognizes the right to discovery (including but

22 not limited to Rule 17).  (Smith Decl., Exhibit D.)

23 <center>iii.      <u>The Arbitration Agreement Requires the Arbitrator to Issue a Written Opinion</u></center>

24      The *Armendariz* court held that an arbitrator "must issue a written arbitration decision that will

25 reveal . . . the essential findings and conclusions on which the award is based" so that the arbitrator is

26 not "essentially free to disregard the law."  (*Armendariz*, *supra*, 24 Cal. 4th at 107.)  Here, the Arbitration

27 Agreements provides: "THE ARBITRATOR SHALL ISSUE A WRITTEN DECISION ON THE

28

<center>16                    Case No. 5:21-CV-02387-VKD</center>
<center>**DEFENDANT SUNRUN INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO**
**DISMISS OR STAY THE ACTION IN LIEU OF FILING ANSWER**</center>

1    MERITS."  (O'Quin Decl., Exhibit B.)

2                    iv.    *The Arbitration Agreement Does Not Limit Plaintiff's Available Remedies*

3          The *Armendariz* court also recognized "the principle that an arbitration agreement may not limit

4    statutorily imposed remedies . . . appears to be undisputed."  (*Armendariz*, *supra*, 24 Cal.4th at 103.)

5    Indeed, one of the key reasons the *Armendariz* court found the arbitration provision it examined

6    unenforceable was because of the agreement's limitation on the plaintiff's remedies.  (*Id*.)  Specifically,

7    the arbitration provision in *Armendariz* limited the plaintiff's damages to lost wages from the time of

8    discharge until the arbitration award.  (*Id*. at 103–04.)  Here, there is no such limitation on damages nor

9    does the Arbitration Agreement limit statutorily imposed remedies.  Rather, the Arbitration Agreement

10   states: "THE ARBITRATOR SHALL HAVE THE POWER TO AWARD ANY REMEDIES

11   AVAILABLE UNDER GOVERNING LAW[.]" (O'Quin Decl., Exhibit B.)  Accordingly, by its express

12   language the Arbitration Agreement does not violate *Armendariz*'s prohibition against limiting remedies.

13                   v.    *Plaintiff Will Not Incur Any Costs Unique to Arbitration*

14         The *Armendariz* court maintained that the employer should bear the costs unique to arbitration

15   in order to "ensure that employees bringing . . . claims will not be deterred by costs greater than the usual

16   costs incurred during litigation." (*Armendariz*, *supra*, 24 Cal.4th at 111–12.)  To that end, the Arbitration

17   Agreement provides: "…THE COMPANY WILL PAY FOR ANY ADMINISTRATIVE OR

18   HEARING FEES CHARGED BY THE ARBITRATOR OR JAMS EXCEPT THAT I SHALL PAY

19   ANY FILING FEES ASSOCIATED WITH ANY ARBITRATION THAT I INITIATE, BUT ONLY

20   SO MUCH OF THE FILING FEES AS I WOULD HAVE INSTEAD PAID HAD I FILED A

21   COMPLAINT IN A COURT OF LAW." (O'Quin Decl., Exhibit B.)  Thus, Sunrun has expressly agreed

22   to cover the costs unique to arbitration, and therefore meets (and exceeds) the requirements of

23   *Armendariz.*

24         **H.    Any Provision of the Arbitration Agreement Deemed Unconscionable Should Be**

25              **Severed and the Remainder of the Arbitration Agreement Should Be Enforced**

26         Pursuant to the California *Civil Code*, if this Court finds any provision of an arbitration agreement

27   unconscionable, the Court should sever the offending language and enforce the remainder of the contract.

28
                                                    17                    Case No. 5:21-CV-02387-VKD
     **DEFENDANT SUNRUN INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO
     DISMISS OR STAY THE ACTION IN LIEU OF FILING ANSWER**

1    (Cal. *Civil Code* § 1670.5; *see also Little v. Auto Stiegler, Inc.* (2003) 29 Cal.4th 1064.)  In *Little*, the

2    California Supreme Court took issue with one portion of the arbitration agreement, which allowed for

3    appellate review of an arbitrator's award that exceeded $50,000.  The court upheld the arbitration

4    agreement after severing the unconscionable term, noting that removing offending language is preferred

5    over refusing to enforce an otherwise valid arbitration agreement.   Similarly, in *McManus v. CIBC*

6    *World Markets, supra,* the court severed certain sections of an arbitration agreement that the court

7    determined to be unconscionable but enforced the rest of the agreement because it was not "so

8    'permeated' with unconscionable provisions that it cannot be saved." (*McManus*, 109 Cal.App.4th at

9    102.)

10          The Arbitration Agreement includes a severability clause.  (O'Quin Decl., Exhibit B.)  When, as

11   here, the parties have specifically agreed to a severance clause in the Arbitration Agreements themselves,

12   any unenforceable provisions should be severed, leaving the remainder of the agreement in full force

13   and effect.   Accordingly, to the extent that the Court finds any provision in the agreement to be

14   unconscionable, the Court should sever that provision but should enforce the remainder of the Arbitration

15   Agreement.

16   **IV.    PLAINTIFF'S CLAIMS SHOULD BE DISMISSED AND/OR STAYED PENDING**

17          **COMPLETION OF BINDING ARBITRATION**

18          Finally, Sunrun petitions this Court for an Order dismissing and/or staying the instant action

19   pending completion of arbitration.  Defendant petitions this Court to dismiss this action under Federal

20   Rules of Civil Procedure 12(b)(1), (3), and (6).   "Substantial case law establishes that these are the

21   correct rules under which to seek dismissal based on an arbitration provision." (*Valley Power Sys., Inc.*

22   *v. Elec. Co.*, No. CV 11-10726 CAS (JCx), 2012 WL 665977, at *7 (C.D. Cal. Feb. 27, 2012); *accord*

23   *Ideal Co., Inc. v. 1st Merchant Funding, LLC*, No. CV 15-07256 RSWL (GJSx), 2016 WL 2932086, at

24   *3 (C.D. Cal. May 18, 2016*); *see also, Thinket Ink Info. Ress., Inc. v. Sun Microsystems, Inc.*,

25   368 F.3d 1053, 1060 (9th Cir. 2004) (district court did not err in dismissing claims subject to arbitration

26   under Rule 12(b)(6)); *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725 (9th Cir. 2000) (district court

27   properly dismissed a complaint under Rule 12(b)(6) where a valid and enforceable arbitration clause

28

**DEFENDANT SUNRUN INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO DISMISS OR STAY THE ACTION IN LIEU OF FILING ANSWER**

1  existed).).

2      Alternatively, Defendant petitions the Court for an order staying this action pending completion

3  of arbitration, pursuant to 9 U.S.C. section 3. The FAA provides:

4      If any suit or proceeding be brought in any of the courts of the United States upon any

5      issue referable to arbitration under an agreement in writing for such arbitration, the court

6      in which such suit is pending, upon being satisfied that the issue involved in such suit or

7      proceeding is referable to arbitration under such an agreement, **shall** on application of

8      one of the parties **stay the trial of the action until such arbitration has been had in**

9      **accordance with the terms of the agreement**...

10     9 U.S.C. §3 (emphasis added).; (*see also, Browsercam, Inc. v. Gomez, Inc.*, No. C 08-02959

11 WHA, 2009 WL 210513, at *3 (N.D. Cal. Jan. 27, 2009) (the Court must stay "all matters within the

12 scope of the arbitration agreement" and has the discretion "to stay, for '[c]onsiderations of economy and

13 efficiency,' an entire action, including issues not arbitrable, pending arbitration").).

14     Likewise, California Code of Civil Procedure section 1281.4 provides in pertinent part:

15     If an application has been made to a court of competent jurisdiction . . . for an order to
       arbitrate a controversy which is an issue involved in an action or a proceeding before a
16     court of this State and such application is undetermined, the court in which such action
       or proceeding is pending shall, **upon motion of a party to such action, stay the action**
17     **or proceeding until the application for an order to arbitrate is determined....**

18 *(Code of Civil Procedure* section 1281.4 (emphasis added); *see also Coast Plaza Doctors Hospital v.*

19 *Blue Cross of California* (2000) 83 Cal.App.4th 677, 693 (noting that "a stay is appropriate where '[i]n

20 the absence of a stay, the continuation of the proceedings in the trial court disrupts the arbitration

21 proceedings and can render them ineffective.'").) Continuation of any proceedings in Court would be

22 disruptive to the arbitration of Plaintiff's claims. In addition, allowing proceedings to continue in court

23 during the arbitration would waste both the Court's and the Parties' resources, and diminish the

24 effectiveness and efficiency that arbitration was meant to achieve. Thus, in accordance with *Code of*

25 *Civil Procedure* section 1281.4, all further proceedings in this Court should be dismissed or stayed

26 pending completion of arbitration.

27

28
**DEFENDANT SUNRUN INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO
DISMISS OR STAY THE ACTION IN LIEU OF FILING ANSWER**

FP 40886492.1

## V.  CONCLUSION

Both the FAA and California's strong public policy favor arbitration of disputes, and further, require close cases to be resolved in favor of arbitration.  This is not a close case.  The agreement that Plaintiff signed is clearly valid and enforceable, and complies with federal and California law.  As a result, Plaintiff's claims must be heard in binding arbitration.  Based on the foregoing, Sunrun respectfully requests that this Court grant this Motion, compel arbitration of Plaintiff's claims, and dismiss or stay the proceedings in Court pending the conclusion of arbitration.

Dated:  June 29, 2021                    Respectfully submitted,

FISHER & PHILLIPS LLP


By: /s/Philip J. Smith
KRISTEN J. NESBIT
PHILIP J. SMITH
Attorneys for Defendants
SUNRUN INC. and COSTCO WHOLESALE
CORPORATION

**DEFENDANT SUNRUN INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO DISMISS OR STAY THE ACTION IN LIEU OF FILING ANSWER**

FP 40886492.1