UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY HUNTER GREEN,<br><br>    Plaintiff,<br><br>    v.<br><br>COSTCO WHOLESALE CORPORATION, et al.,<br><br>    Defendants. | Case No. 21-cv-02387-RS<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS** |

    Plaintiff Mary Green sued Defendants Sunrun and Costco averring various labor-law claims. Green worked at a Sunrun kiosk inside a Costco, selling solar panels, until she was fired, allegedly because of age and disability discrimination. Sunrun moves to compel arbitration of Green's claims against it, and consequently to dismiss this case.[1]

    Sunrun introduces evidence of Green's signed employment contract, which includes an arbitration agreement.[2] Green validly signed the contract electronically, using a secret password to authenticate her signature, in compliance with the California Uniform Electronic Transactions Act. Civil Code § 1633.1 *et seq.* Green's argument that she did not consent to an electronic checkbox constituting her signature are belied by the term in the agreement providing that her checking the

---

[1] Costco's unopposed joinder is granted.

[2] Sunrun does not explicitly request judicial notice or incorporation by reference, but incorporation by reference is appropriate given Green's complaint implicitly relies extensively on the employment agreement. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Green also cites this document, implicitly consenting to its incorporation. Opp. at 8.

box counted as a signature.[3] Decl. of Jessica O'Quin, at 3; Ex. B. Thus, the Federal Arbitration Act governs this agreement at issue, and requires that it be arbitrated. 9 U.S.C. § 1, *et seq*; *see also Circuit City Stores v. Adams*, 532 U.S. 105, 123 (2001).

Green's argument that the contract lacks consideration because her employment ended betrays a fundamental misunderstanding of the concept of consideration and contract law more generally. She cites no authority for this proposition because there is none. Green exchanged a promise to labor for Sunrun's promise of money. Consideration does not automatically become invalid after performance ends; otherwise, no contract would be enforceable after one side stopped performing. The contract is also not unconscionable. While it may be a contract of adhesion, it is not substantively unconscionable. The terms of the contract are fair, including, but not limited to, the terms concerning arbitration. *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1247–48 (2016).

Finally, Sunrun moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) (and other rules), or, in the alternative, to stay the action pending arbitration. Because Green agreed to arbitrate, dismissal is appropriate. *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725 (9th Cir. 2000). Thus, Defendants' motion to compel arbitration is granted, as is their motion to dismiss. Although amendment seems futile, leave to amend is granted because of the strong presumption in its favor when a complaint is dismissed for the first time. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

**IT IS SO ORDERED**.

Dated: February 22, 2022

RICHARD SEEBORG
Chief United States District Judge

---

[3] It should be noted that Green does not submit a declaration affirming these facts as required by Local Rule 7.5.