```
1  KRISTEN J. NESBIT, SBN 242426
   E-Mail  knesbit@fisherphillips.com
2  ANET C. DRAPALSKI, SBN 282086
   E-Mail  adrapalski@fisherphillips.com
3  MARIANNA BERTIKIAN (SBN 322596)
   E-Mail: mbertikian@fisherphillips.com
4  FISHER & PHILLIPS LLP
   444 South Flower Street, Suite 1500
5  Los Angeles, California 90071
   Telephone: (213) 330-4500
6  Facsimile:  (213) 330-4501

7  Attorneys for Defendants
   SUNRUN INC. and COSTCO
8  WHOLESALE CORPORATION
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY HUNTER GREEN,<br><br>PLAINTIFF,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, SUNRUN INC. AND DOES 1 THROUGH 20,<br><br>DEFENDANTS. | Case No:   3:21-cv-02387-RS<br><br>**DEFENDANTS SUNRUN INC. AND COSTCO WHOLESALE CORPORATION'S CASE MANAGEMENT STATEMENT**<br><br>Complaint Filed: April 1, 2021<br>Trial Date:         None Set |

Defendants COSTCO WHOLESALE CORPORATION ("Costco") and SUNRUN INC. ("Sunrun") (collectively "Defendants") (collectively "the Parties") submit this Case Management Statement pursuant to Federal Rules of Civil Procedure, Civil Local Rule 16-9, this Court's order on February 15, 2024, and the Standing Order for all Judges of the Northern District of California.

**A.    Jurisdiction and Service**

Defendants believe that this Court lacks subject matter jurisdiction to adjudicate this action because all disputes arising out of or related to Plaintiff Mary Hunter Green's ("Plaintiff") employment, and all the causes of action in Plaintiff's Complaint, are subject to Plaintiff's agreement to submit such disputes to binding individual contractual arbitration, and any contrary state laws operating to defeat such arbitration are preempted by the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. Notably, on February 22, 2022, this court granted Defendants' motion to compel arbitration. (Dkt. 49.) Subsequently, on May 23, 2022, this court granted Plaintiff's motion to stay pending arbitration. (Dkt. 55.)

On March 22, 2022, Plaintiff's former counsel filed a Demand for Arbitration with JAMS. On September 15, 2022, JAMS appointed Arbitrator Lisa Jaye pursuant to the parties' rank and strike list to serve as the arbitrator for this matter. Plaintiff's former counsel and Defendants had their initial Arbitration Management Conference on October 27, 2022. On August 31, 2023, this court granted Plaintiff's former counsel's motion to be relieved as counsel (Dkt. 64.) Thereafter, on September 26, 2023, Defendants attended an arbitration status conference wherein the arbitrator took all arbitration dates off calendar pending a potential dismissal of the action in this court. On November 13, 2023, the court ordered that Plaintiff had until February 15, 2024 to either hire new counsel and have them file a notice of appearance, or to file a statement in ECF stating she plans on litigating this case pro se moving forward. The court also held that if Plaintiff failed to do either by February 15, 2024, the case would be dismissed without further notice. On February 14, 2024, Plaintiff filed a declaration regarding the extension of time to obtain new counsel and to file a state bar complaint against her former counsel. (Dkt. 71.) To that end, on February 15, 2024, this Court issued an order continuing the Initial Case Management conference to May 30, 2024. (Dkt. 74.) To date, Defendants have not received any notice of whether Plaintiff will hire new counsel or any statement in ECF stating she plans on litigating this case pro se moving forward. Thus, Defendants respectfully request that this Court dismiss this case for

lack of prosecution or in the alternative continue any case management conference to a date after May 30, 2024 as this case may be dismissed based on this Court's previous order.

B. **Facts**

On April 1, 2021, Plaintiff filed a Complaint against Defendants. Thereafter, Sunrun filed, and Costco joined, a motion to compel arbitration of Plaintiff's claims. Notably, on February 22, 2022, this court granted Defendants' motion to compel arbitration. (Dkt. 49.) Subsequently, on May 23, 2022, this court granted Plaintiff's motion to stay pending arbitration. (Dkt. 55.)

On March 22, 2022, Plaintiff's former counsel filed a Demand for Arbitration with JAMS. On September 15, 2022, JAMS appointed Arbitrator Lisa Jaye pursuant to the parties' rank and strike list to serve as the arbitrator for this matter. Plaintiff's former counsel and Defendants had their initial Arbitration Management Conference on October 27, 2022. On August 31, 2023, the court granted Plaintiff's former counsel's motion to be relieved as counsel (Dkt. 64.) Thereafter, on September 26, 2023, Defendants attended an arbitration status conference wherein the arbitrator took all arbitration dates off calendar pending a potential dismissal of the action in this court. On November 13, 2023, the court ordered that Plaintiff had until February 15, 2024 to either hire new counsel and have them file a notice of appearance, or to file a statement in ECF stating she plans on litigating this case pro se moving forward. The court also held that if Plaintiff failed to do either by February 15, 2024, the case would be dismissed without further notice. On February 14, 2024, Plaintiff filed a declaration regarding the extension of time to obtain new counsel and to file a state bar complaint against her former counsel. (Dkt. 71.) To that end, on February 15, 2024, this Court issued an order continuing the Initial Case Management conference to May 30, 2024. (Dkt. 74.) To date, Defendants have not received any notice of whether Plaintiff will hire new counsel or any statement in ECF stating she plans on litigating this case pro se moving forward. Thus, Defendants respectfully request that this Court dismiss this case for lack of prosecution or in the alternative continue any case management conference to a date after May 30, 2024 as this case may be dismissed based on this Court's previous order.

C. **Legal Issues**

*See* Defendants' Position as stated in Section A above. Thus, Defendants respectfully request that this court dismiss this case for lack prosecution or in the alternative continue any case management

conference to a date after May 30, 2024.

**D.     Motions**

Defendants do not anticipate any additional motions and also believe that this Court lacks subject matter jurisdiction to adjudicate this action because all disputes arising out of or related to Plaintiff's employment, and all the causes of action in Plaintiff's Complaint, are subject to Plaintiff's agreement to submit such disputes to binding individual contractual arbitration, and any contrary state laws operating to defeat such arbitration are preempted by the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. *See* Defendants' Position as stated in Section A above.  Thus, Defendants respectfully request that this court dismiss this case for lack prosecution or in the alternative continue any case management conference to a date after May 30, 2024.

**E.     Amendment of Pleadings**

Defendants do not currently anticipate amending the pleadings.

**F.     Evidence Preservation**

Defendants' have taken steps to preserve physical and electronically stored evidence relevant to the issues in this case as required in the pending arbitration.

**G.     Disclosures**

Defendants previously made their relevant initial disclosures in the pending arbitration of this matter.

**H.     Discovery**

Defendants were previously engaged in discovery in the pending arbitration of this matter. Plaintiff's lack of prosecution of this case has resulted in Defendant being unable to conduct discovery despite Defendant's good faith efforts to litigate this case.  Specifically, Plaintiff failed to appear at her noticed deposition and Notice of Non-Appearance was taken on May 4, 2023.  Plaintiff has also failed to supplement discovery responses and has failed to prosecute this case all together.  Any and all discovery will be conducted in the pending arbitration of this matter to the extent the matter is not dismissed.

**I.     Class Actions**

Not applicable.

**J.      Related Cases**

Other than the pending arbitration, Defendants are unaware of any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**K.      Relief**

*See* Defendants' Position as stated in Section A above.  Thus, Defendants respectfully request that this court dismiss this case for lack prosecution or in the alternative continue any case management conference to a date after May 30, 2024. Moreover, Defendants deny the nature and extent of Plaintiff's alleged injuries, if any, and assert that Plaintiff is not entitled to any relief.

**L.      Settlement and ADR**

*See* Defendants' Position as stated in Section A above.  Thus, Defendants respectfully request that this court dismiss this case for lack prosecution or in the alternative continue any case management conference to a date after May 30, 2024.

**M.      Consent to Magistrate Judge for All Purposes**

Defendants declined to proceed before a magistrate judge, and as such, the case has been reassigned to this Court during the stay and pending arbitration of this matter.

**N.      Other References**

*See* Defendants' Position as stated in Section A above.  Thus, Defendants respectfully request that this court dismiss this case for lack prosecution or in the alternative continue any case management conference to a date after May 30, 2024.

**O.      Narrowing of Issues**

*See* Defendants' Position as stated in Section A above.  Thus, Defendants respectfully request that this court dismiss this case for lack prosecution or in the alternative continue any case management conference to a date after May 30, 2024.

**P.      Expedited Trial Procedure**

*See* Defendants' Position as stated in Section A above.  Thus, Defendants respectfully request that this court dismiss this case for lack prosecution or in the alternative continue any case management conference to a date after May 30, 2024.

Q.   **Schedule**

Defendants plan to adhere to the proposed schedule to be outlined in their Joint Discovery Plan that will be filed with the arbitrator if the matter is not dismissed.

R.   **Trial**

*See* Defendants' Position as stated in Section A above.  Thus, Defendants respectfully request that this court dismiss this case for lack prosecution or in the alternative continue any case management conference to a date after May 30, 2024.

S.   **Disclosure of Non-Party Interested Entities or Persons**

Defendants have filed their respective Certificates of Non-Party Interested Entities or Persons.

T.   **Professional Conduct**

Defendants' attorneys of records have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated:  May 21, 2024                                   Respectfully submitted,

                                                      FISHER & PHILLIPS LLP


                                                  By: */s/ Marianna Bertikian*
                                                      KRISTEN J. NESBIT
                                                      ANET C. DRAPALSKI
                                                      MARIANNA BERTIKIAN
                                                      Attorneys for Defendants
                                                      SUNRUN INC. and COSTCO WHOLESALE
                                                      CORPORATION

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 444 S. Flower Street, Suite 1500, Los Angeles, CA 90071.

On May 21, 2024, I served the foregoing document entitled **DEFENDANTS SUNRUN INC. AND COSTCO WHOLESALE CORPORATION'S CASE MANAGEMENT STATEMENT** on all the appearing and/or interested parties in this action as follows:

Mary Hunter Green
Pro Per
650 Castro St #120-338
Mountain View, CA 94041

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed May 21, 2024, at Los Angeles, California.

Cina Kim                                By: */s/ Cina Kim*
Print Name                                     Signature